UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT. 15, 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| DENNIS SHELDON BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-2671 (UNA) |
| ) | |
| CHRISTOPHER WRAY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. Plaintiff has also submitted a request for emergency restraining order, ECF No. 3, which will be denied.

Generally, plaintiff alleges that defendants have subjected him to "Brain Remote Management Technology (BRMT)." Compl. at 6 (page numbers designated by CM/ECF). Through BRMT and other technologies, plaintiff alleges that defendants control his body movements, speech and thought, *see, e.g., id*. at 9-12, and thus have caused physical and psychological injury, *see, e.g., id.* at 6-7, for which he demands damages of $15 million and an order enjoining defendants from deploying BRMT, *see id*. at 7.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint

1

plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).  On review of the complaint, the Court concludes that its factual allegations are incoherent, irrational or wholly incredible, rendering the complaint subject to dismissal as frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]").

The Court will grant Plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  A separate order will issue.


DATE: October 15, 2021                             /s/
                                                   JAMES E. BOASBERG
                                                   United States District Judge